**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| MULTIMODAL MEDIA LLC, ) | Case No. |
| ) | |
| Plaintiff, ) | **JURY TRIAL DEMANDED** |
| ) | |
| v. ) | |
| ) | |
| ZTE CORPORATION, ) | |
| Defendant. ) | |
| ) | |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Multimodal Media LLC ("Multimodal" or "Plaintiff") for its Complaint against Defendant ZTE Corporation ("ZTE" or "Defendant") alleges as follows:

**THE PARTIES**

1. Multimodal is a limited liability company organized and existing under the laws of the State of Texas, with its principal place of business located at 100 W. Houston Street, Marshall, Texas 75670.

2. Upon information and belief, ZTE is a corporation organized and existing under the laws of China, with its principal place of business located at 55 Hi-Tech Road, South Nanshan District, Shenzhen, 518057 P.R. China, and may be served pursuant to the provisions of the Hague Convention. ZTE is a leading manufacturer and seller of smartphones and tablets in the world and in the United States. Upon information and belief, ZTE does business in Texas and in the Eastern District of Texas, directly or through intermediaries.

## JURISDICTION

3. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq*. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

4. This Court has personal jurisdiction over Defendant. Defendant regularly conducts business and has committed acts of patent infringement and/or has induced acts of patent infringement by others in this Judicial District and/or has contributed to patent infringement by others in this Judicial District, the State of Texas, and elsewhere in the United States.

5. Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391 because, among other things, Defendant is not a resident in the United States, and thus may be sued in any judicial district pursuant to 28 U.S.C. § 1391(c)(3).

6. Defendant is subject to this Court's jurisdiction pursuant to due process and/or the Texas Long Arm Statute due at least to its substantial business in this State and Judicial District, including (a) at least part of its past infringing activities, (b) regularly doing or soliciting business in Texas, and/or (c) engaging in persistent conduct and/or deriving substantial revenue from goods and services provided to customers in Texas.

## PATENTS-IN-SUIT

7. On April 19, 2011, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 7,929,949 (the "'949 Patent") entitled "Interactive Multimodal Messaging." A true and correct copy of the '949 Patent is available at: https://pdfpiw.uspto.gov/.piw?PageNum=0&docid=07929949&IDKey=&HomeUrl=%2F.

8. On January 31, 2012, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 8,107,978 (the "'978 Patent") entitled "Addressing Voice SMS

2

Messages." A true and correct copy of the '978 Patent is available at: https://pdfpiw.uspto.gov/.piw?PageNum=0&docid=8107978.

9. On November 10, 2015, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 9,185,227 (the "'227 Patent") entitled "Sender Driven Call Completion System." A true and correct copy of the '227 Patent is available at: https://pdfpiw.uspto.gov/.piw?PageNum=0&docid=9185227.

10. On February 4, 2020, the United States Patent and Trademark Office duly and legally issued U.S. Patent No. 10,552,030 (the "'030 Patent") entitled "Multi-gesture Media Recording." A true and correct copy of the '030 Patent is available at: https://pdfpiw.uspto.gov/.piw?PageNum=0&docid=10552030.

11. Multimodal is the sole and exclusive owner of all right, title, and interest in the '949 Patent, the '978 Patent, the '227 Patent, and the '030 Patent (collectively, the "Patents-in-Suit"), and holds the exclusive right to take all actions necessary to enforce its rights to the Patents-in-Suit, including the filing of this patent infringement lawsuit. Multimodal also has the right to recover all damages for past, present, and future infringement of the Patents-in-Suit and to seek injunctive relief as appropriate under the law.

12. Multimodal has at all times complied with the marking provisions of 35 U.S.C. § 287 with respect to the Patents-in-Suit. On information and belief, prior assignees and licensees have also complied with the marking provisions of 35 U.S.C. § 287.

**FACTUAL ALLEGATIONS**

13. The Patents-in-Suit generally cover systems and methods of recording and sending interactive messages and voice messages using mobile devices, as well as completing a communication after an incomplete call.

14. The '949 Patent relates to interactive multimodal messaging on mobile devices. The technology described in the '949 Patent was developed by Ewald Anderl. The technology is implemented by infringing phones that permit users to create, send, receive, and interact with multimodal messages.

15. The '978 Patent relates to integrating and transmitting voice messages with text messages on mobile devices. The technology described in the '978 Patent was developed by Ewald Anderl, Ajay Thapar, and Chinna Chockalingam. The technology is implemented by infringing phones that permit users to input and transmit voice content with a text message.

16. The '227 Patent relates to completing an incomplete call on mobile devices. The technology described in the '227 Patent was developed by Inderpal Mumick, Surinder Anand, and Raja Moorthy. The technology is implemented by infringing phones that permit users to complete an incomplete call by detecting the incomplete call with a call completion application that determines call completion actions to be performed, such as setting a reminder, transmitting media data, transmitting alerts and notifications, etc.

17. The '030 Patent relates to multi-gesture media recording on mobile devices. The technology described in the '030 Patent was developed by Kieraj Mumick. The technology is implemented by infringing phones that permit users to record media data such as audio or video by using different gestures such as press and hold, and swipe and hold, and where portions of the user interface dynamically change based on the detected type of gesture.

18. ZTE has infringed and is continuing to infringe the Patents-in-Suit by making, using, selling, offering to sell, and/or importing, and by actively inducing others to make, use, sell, offer to sell, and/or import products including, but not limited to, ZTE phones including, but not limited to, the ZTE Axon 30 5G, ZTE Axon 30 Ultra, ZTE Axon 20 5G, ZTE Axon 10 Pro, ZTE

Axon 7, ZTE Quest 5, ZTE Blade X1 5G, ZTE Blade 11 Prime, ZTE Blade A3 Prime, ZTE Blade A3 Joy, ZTE Blade A3Y, ZTE Blade 10 Prime, ZTE Blade 10 Unlocked, ZTE Blade A7 Prime, ZTE Blade Vantage 2, ZTE Visible R2, ZTE ZFIVE G LTE, ZTE Avid 4, ZTE Avid 579, ZTE Overture 3, ZTE Blade X, ZTE Maven 3, ZTE Blade Z MAX, ZTE Blade X Max, ZTE Gabb Z2, ZTE Gabb Z1, and ZTE Cymbal U that infringe the Patents-in-Suit.

## COUNT I
### (Infringement of the '949 Patent)

19. Paragraphs 1 through 18 are incorporated by reference as if fully set forth herein.

20. Multimodal has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '949 Patent.

21. Defendant has and continues to directly infringe the '949 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '949 Patent. On information and belief, such ZTE products include at least the ZTE tablets and phones that enable a user to create and transmit interactive multimodal messages to a recipient.

22. For example, Defendant has and continues to directly infringe at least claim 11 of the '949 Patent by making, using, offering to sell, selling, and/or importing into the United States products that use an application on the mobile device and server to create, transmit, and trigger interactive multimodal messages. As an example, the ZTE Quest 5 running the Google Android operating system and using network servers is a system that includes a client application comprising a message creation module for creating interactive multimodal messages by a sender:






23. Defendant's products running the Google Android operating system utilize a network server comprising modules for storing messages, sending notifications with pointers to the stored messages, triggering stored multimodal messages on the Defendant's mobile devices, and transmitting information through the triggered interactive multimodal message:



24. Defendant has and continues to indirectly infringe one or more claims of the '949 Patent by knowingly and intentionally inducing others including, but not limited to, network operators, server operators, ZTE's customers, and end-users to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as phones that create, transmit, and trigger interactive multimodal messages.

25. Defendant, with knowledge that these products, or the use thereof, infringe the '949 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '949 Patent by providing these products to end-users for use in an infringing manner.

26. Defendant has induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '949 Patent, but while remaining willfully blind to the infringement.

27. Multimodal has suffered damages as a result of Defendant's indirect infringement of the '949 Patent in an amount to be proved at trial.

28. Multimodal has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '949 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT II
### (Infringement of the '978 Patent)

29. Paragraphs 1 through 18 are incorporated by reference as if fully set forth herein.

30. Multimodal has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '978 Patent.

31. Defendant has and continues to directly infringe the '978 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '978 Patent. On information and belief, such ZTE products include at least the ZTE tablets and phones that record and store voice content and send a text message with a voice message notification allowing the recipient to listen to said recorded voice content.

32. For example, Defendant has and continues to directly infringe at least claim 10 of the '978 Patent by making, using, offering to sell, selling, and/or importing into the United States products that use an application on the mobile device and server to record and store voice content,

and send a text message with a voice message notification allowing the recipient to listen to said recorded voice content. As an example, the ZTE Blade Vantage 2, running the Google Android operating system and using network servers, supports a client application to integrate and transmit voice content in a text message:



33.     Defendant's products store a list of addresses of recipients and include a user interface for the user to input voice and text messages. For example, the ZTE Blade Vantage 2 uses includes memory to store phone numbers and addresses and includes a touch screen and microphone.

34.     Defendant's products use a server to remotely record and store voice messages and provide access to the recipients. For example, the ZTE Blade Vantage 2 uses a network server to store audio messages where it can access the audio messages to play them for the recipient of the message.



35.     Defendant has and continues to indirectly infringe one or more claims of the '978 Patent by knowingly and intentionally inducing others including, but not limited to, network operators, server operators, ZTE's customers, and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as phones that integrate and send voice content in short message service messages.

36.     Defendant, with knowledge that these products, or the use thereof, infringe the '978 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '978 Patent by providing these products to end-users for use in an infringing manner.

37. Defendant has induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '978 Patent, but while remaining willfully blind to the infringement.

38. Multimodal has suffered damages as a result of Defendant's direct and indirect infringement of the '978 Patent in an amount to be proved at trial.

39. Multimodal has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '978 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT III
### (Infringement of the '227 Patent)

40. Paragraphs 1 through 18 are incorporated by reference as if fully set forth herein.

41. Multimodal has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '227 Patent.

42. Defendant has and continues to directly infringe the '227 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '227 Patent. On information and belief, such ZTE products include at least the ZTE tablets and phones that complete an incomplete call including detecting the incomplete call and receiving and triggering call completion actions.

43. For example, Defendant has and continues to directly infringe at least claim 1 of the '227 Patent by making, using, offering to sell, selling, and/or importing into the United States products that use a call completion applications to detect incomplete calls and provide call completion actions for execution on the ZTE mobile device. As an example, the ZTE Blade

Vantage 2, running the Google Android operating system and Google Duo, provides a call completion application to complete an incomplete call by detecting the incomplete call and performing a call completion action based on the caller's selection:









44. Defendant has and continues to indirectly infringe one or more claims of the '227 Patent by knowingly and intentionally inducing others, including ZTE's customers and end-users, to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as phones that use call completion application to detect incomplete calls and perform call completion actions selected by the caller.

45. Defendant, with knowledge that these products, or the use thereof, infringe the '227 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '227 Patent by providing these products to end-users for use in an infringing manner.

46. Defendant has induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '227 Patent, but while remaining willfully blind to the infringement.

47. Multimodal has suffered damages as a result of Defendant's direct and indirect infringement of the '227 Patent in an amount to be proved at trial.

48. Multimodal has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '227 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## COUNT IV
### (Infringement of the '030 Patent)

49. Paragraphs 1 through 18 are incorporated by reference as if fully set forth herein.

50. Multimodal has not licensed or otherwise authorized Defendant to make, use, offer for sale, sell, or import any products that embody the inventions of the '030 Patent.

51. Defendant has and continues to directly infringe the '030 Patent, either literally or under the doctrine of equivalents, without authority and in violation of 35 U.S.C. § 271, by making, using, offering to sell, selling, and/or importing into the United States products that satisfy each and every limitation of one or more claims of the '030 Patent. On information and belief, such ZTE products include at least the ZTE tablets and phones that use a processor and computer readable storage medium to store and execute a gesture based media recording application.

52.     For example, Defendant has and continues to directly infringe at least claim 8 of the '030 Patent by making, using, offering to sell, selling, and/or importing into the United States products that include a processor and storage to store and use a gesture based media recording application for recording audio. As an example, the ZTE Blade Vantage 2, running the Google Android operating system, supports a user interface to detect a first and second gesture input by the user and record media based on the gestures detected through applications, such as Google Messages:



53.     Defendant has and continues to indirectly infringe one or more claims of the '030 Patent by knowingly and intentionally inducing others, including ZTE's customers and end-users,

to directly infringe, either literally or under the doctrine of equivalents, by making, using, offering to sell, selling, and/or importing into the United States products that include infringing technology, such as phones that use processor and computer readable storage medium to execute a gesture based media recording application such as Google Messages.

54. Defendant, with knowledge that these products, or the use thereof, infringe the '030 Patent at least as of the date of this Complaint, knowingly and intentionally induced, and continues to knowingly and intentionally induce, direct infringement of the '030 Patent by providing these products to end-users for use in an infringing manner.

55. Defendant has induced infringement by others, including end-users, with the intent to cause infringing acts by others or, in the alternative, with the belief that there was a high probability that others, including end-users, infringe the '030 Patent, but while remaining willfully blind to the infringement.

56. Multimodal has suffered damages as a result of Defendant's direct and indirect infringement of the '030 Patent in an amount to be proved at trial.

57. Multimodal has suffered, and will continue to suffer, irreparable harm as a result of Defendant's infringement of the '030 Patent, for which there is no adequate remedy at law, unless Defendant's infringement is enjoined by this Court.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury for all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Multimodal prays for relief against Defendant as follows:

a. Entry of judgment declaring that Defendant has directly and/or indirectly infringed one or more claims of each of the Patents-in-Suit;

b. An order pursuant to 35 U.S.C. § 283 permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and those persons in active concert or participation with it, from further acts of infringement of one or more of the Patents-in-Suit;

c. An order awarding damages sufficient to compensate Multimodal for Defendant's infringement of the Patents-in-Suit, but in no event less than a reasonable royalty, together with interest and costs;

d. Entry of judgment declaring that this case is exceptional and awarding Multimodal its costs and reasonable attorney fees under 35 U.S.C. § 285; and

e. Such other and further relief as the Court deems just and proper.

Dated: November 29, 2021                                    Respectfully submitted,

*/s/ Alfred R. Fabricant*
Alfred R. Fabricant
NY Bar No. 2219392
Email: ffabricant@fabricantllp.com
Peter Lambrianakos
NY Bar No. 2894392
Email: plambrianakos@fabricantllp.com
Vincent J. Rubino, III
NY Bar No. 4557435
Email: vrubino@fabricantllp.com
**FABRICANT LLP**
411 Theodore Fremd Avenue,
 Suite 206 South
Rye, New York 10580
Telephone: (212) 257-5797
Facsimile: (212) 257-5796

Justin Kurt Truelove
Texas Bar No. 24013653
Email: kurt@truelovelawfirm.com
**TRUELOVE LAW FIRM, PLLC**
100 West Houston Street
Marshall, Texas 75670
Telephone: 903-938-8321
Facsimile: 903-215-8510

**ATTORNEYS FOR PLAINTIFF,
MULTIMODAL MEDIA LLC**